UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
                                        Plaintiff, )
                             v. )

RIVER PARK MUTUAL HOMES, INC. )
1301 Delaware Avenue, S.W. )
Washington, D.C. 20024-3929, )

    Serve: Registered Agent )
    CSC–Lawyers Incorporating Service, Co. )
    7 St. Paul Street, Suite 1660 )
    Baltimore, Maryland 21202, )
                               Defendant. )

## COMPLAINT

(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE
BENEFIT FUND AND FOR AN AUDIT)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1).

2. Defendant is a Maryland business located at 1301 Delaware Avenue, S.W., in Washington, D.C., and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and trust agreement and for an audit. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145 and federal common law pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.   Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.   Defendant River Park Mutual Homes Inc. has been at all relevant times bound and signatory to a Collective Bargaining Agreement with International Union of Operating Engineers Local Union No. 99 that governs the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7.   Pursuant to the Agreement the Defendant agreed to pay certain sums of money for certain hours worked by employees of the Defendant performing work covered by the Agreement.

8.   During the work months of September 2010 to October 2014 the Defendant employed employees performing work covered by the Agreement.

9.   During the work months of September 2010 to August 2014 the Defendant failed to report and pay all contributions owing to the Central Pension Fund for all months.

10.  Reports and contributions are due on the last day of each month following the work month.

11.  Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

12.  Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% simple interest.

13. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all costs, attorneys' fees and audit fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. The Defendant failed to report and pay all contributions required by the Agreement to the Central Pension Fund for work performed during the work months of September 2010 through August 2014.

16. By virtue of the failure to report and pay all contributions as required, the Defendant is in contravention of the Agreement and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

17. The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund.

18. The Central Pension Fund is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs, attorneys' fees and audit fees against the Defendant.

## COUNT II

### (FOR A PAYROLL AUDIT)

19. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in this Count II.

20. An audit of the Defendant's records for various work months from September 2010 through August 2014 will permit the Plaintiff to determine the correct number of hours worked by the Defendant's covered employees and the amount owed to the Plaintiff under the Agreement.

21. Under the terms of the Restated Agreement and Declaration of Trust the Plaintiff is entitled to conduct an audit of Defendant's payroll records.

**WHEREFORE,** Plaintiff prays judgment against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff by the Defendant for work performed during the months of September 2010 through August 2014.

B. For liquidated damages for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C. Interest, costs, reasonable attorneys' fees and audit fees as required by 29 U.S.C. § 1132(g)(2), the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D. For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at Defendant's cost for work performed during the period of September 2010 through August 2014.

E. For any and all unpaid contributions, liquidated damages and interest owed to the Plaintiff which become due as a result of the audit of the Defendant's payroll books and records, plus costs, interest, audit and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the Central Pension Fund's Restated Agreement and Declaration of Trust.

F. Such further relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 21, 2014 | **O'DONOGHUE & O'DONOGHUE LLP**<br>4748 Wisconsin Avenue, N.W.<br>Washington, D.C. 20016<br>Telephone: (202) 362-0041<br>Facsimile: (202) 327-1200<br>rhopp@odonoghuelaw.com |
| By: | _____<br>R. Richard Hopp (Bar No. 432221)<br>*Attorney for the Plaintiff* |